**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KULBINDER SINGH, | No. 12-71727 |
| Petitioner, | Agency No. A089-688-917 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2014[**]
Seattle, Washington

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

Kulbinder Singh petitions for review of a decision of the Board of

Immigration Appeals ("BIA") denying his application for asylum, withholding of

removal, and protection under the United Nations Convention Against Torture

("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

Substantial evidence supports the BIA's finding that Petitioner was not credible. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). The BIA considered the totality of the circumstances and provided specific, cogent reasons for its adverse credibility finding. *See id.* at 1042. For example, Petitioner claimed that he was arrested in December 2004 while protesting for the release of Simranjit Mann, but a letter submitted by Mann states that Mann was detained in 2005, 2006, and 2007 rather than in 2004. Additionally, Petitioner provided inconsistent testimony regarding the frequency and type of interactions he had with the police between his two arrests. Because the BIA properly found that Petitioner was not credible, its determination that Petitioner failed to establish eligibility for asylum and withholding of removal is supported by substantial evidence. *See id.* at 1040 (listing relevant factors in determining credibility to include, among other factors, "consistency between the applicant or witness's written and oral statements, internal consistency of each statement, and consistency of statements with other evidence").

Petitioner's CAT claim is based on the same evidence that the BIA found not to be credible, and Petitioner has pointed to no other evidence that would compel the conclusion "that he would most likely be tortured by or with the acquiescence of a government official or other person acting in an official

capacity" upon removal. *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010). Thus, substantial evidence also supports the BIA's determination that Petitioner is ineligible for CAT protection.

**PETITION DENIED.**